## Frick Company v. G. G. Wright.

Decided February 10, 1900.

**1.  Citation—Service—Foreign Corporation.**

A citation in an action against a foreign corporation commanding the officer "to summon Frick Company (serve E. T. Fletcher, with Myrick Ice Co.)," was sufficient, since the parenthetical matter was merely a suggestion, and not essential to the validity of the writ. Rev. Stats., art. 1223.

**2.  Same—Local Agent—Amendment of Return.**

In an action against F. Co., a foreign corporation, the officer's original return on the citation showed service on E. T. F., "agent of F. Co." An order of court was had directing the officer to correct his return so as to give the correct name of the person served, and show that he was local agent in Texas of the defendant, and the officer thereupon corrected the return as to the agent's name, but without changing the statement as to his agency. Held, that the amended return was sufficient, as it would be considered in connection with the order of court directing it to be made.

**3.  Same—Same—"Doing Business in This State."**

Where the record showed the defendant to be a foreign corporation, but there was no allegation that it was doing business in this State, and the court, in making an order directing the sheriff to amend his return on the citation, had found that the defendant had a local agent in the county where the suit was brought, this sufficiently supplied the want of such allegation, in so far as to render the service of the citation effectual.

**4.  Interest on Open Account—From What Date Allowed.**

In an action on an open account for services rendered "in the fore part of 1897," not stating when the account was due or that any interest had been agreed on, it was error to allow interest from January 1, 1897, since the statute prescribes that open accounts shall bear interest from January 1st after their date. Rev. Stats., art. 3102.

Error from Dallas.  Tried below before Hon. Edward Gray.

*Joseph E. Cockrell,* for plaintiff in error.

*K. R. Craig,* for defendant in error.

FINLEY, Chief Justice.—Defendant in error, G. G. Wright, sued plaintiff in error, Frick Company, in the District Court of Dallas County to recover $500, and interest thereon, as reasonable attorney's fees for services rendered said Frick Company as attorney in the latter part of the year 1896, and fore part of the year 1897. The Frick Company was alleged to be a private corporation created by and under the laws of the State of Pennsylvania, with a local agent in the city and county of Dallas, State of Texas. Judgment was taken by default, and a writ of error has been sued out to this court. The following grounds are presented for a reversal of the judgment:

1.  It is claimed that the citation and return of the officer who executed it are defective, not in conformity with the statute, and therefore will not support a judgment by default. The citation commands the officer "to summon Frick Company," and following this command is this parenthesis "(Serve E. T. Fletcher, with Myrick Ice Co.)" The

original return of the officer shows that it was executed "by delivering to E. T. Fletcher, agent of Frick Company, the within named defendant, in person, a true copy of this writ."

·Prior to the rendition of the judgment, the plaintiff in the cause filed a motion to have the sheriff amend his return. The motion sets out that defendant is a foreign private corporation; that one C. F. Fletcher was and is its local agent in Dallas County, State of Texas; that the officer in fact duly served him with citation, but by mistake recited in his return service upon E. T. Fletcher. The motion was presented to and heard by the court, the facts therein stated were found to be true, and the court ordered the sheriff to amend his return so as to show service upon C. F. Fletcher, local agent of the Frick Company in Dallas County. In obedience to this order, the sheriff's return was amended, showing service upon C. F. Fletcher, instead of E. T. Fletcher, as originally recited in the return.

Our statute provides that citation may be served upon a foreign corporation by service upon "the president, vice-president, secretary or treasurer, or general manager, or upon any general local agent within this State." Rev. Stats., art. 1223. It is also provided that the return of the officer executing the writ shall be indorsed on or attached to the writ; it shall state when the citation was served and the manner of the service, conforming to the command of the writ, and shall be signed by him officially. Art. 1225.

The citation commanded that the Frick Company, who is the defendant in the suit, should be summoned. It was not necessary for the writ to direct the manner in which the officer should effect the summons. In Railway v. Gage, 63 Texas, 572, it is said: "The petition averred that the appellant had an agent in the county of Uvalde, but it did not state who the local agent was; and the citation directed the sheriff to summon the Galveston, Harrisburg & San Antonio Railway Company to appear at the time fixed by law for the term of the District Court for Uvalde County. The citation, however, gave no specific direction upon whom or in what manner it was to be served. There is no doubt that the better practice requires that the fact that there is a local agent of the corporation in the county in which the suit is brought should be stated in the petition, and that the name of such agent should be given; and further, that the citation should direct the sheriff or other officer to execute it by serving a copy of the citation on the named local agent. Insurance Co. v. Seeligson, 59 Texas, 6; Railway v. Shepherd, 21 Texas, 277."

The matter contained in the parenthesis was not essential to the validity of the writ, and was manifestly intended as a suggestion to the officer of the person through whom service might be effected upon the corporation. Taking this view of the parenthetical matter embraced in the writ, we hold the citation legally sufficient.

It is quite clear that it was proper, on motion, to allow the officer to correct his return on the writ, so as to give the correct name of the person

served and show that he was the local agent of the defendant corporation. The court, in the order, finds the true name of the person served; that he was the local agent of the defendant company in Dallas County, Texas, and directs the return amended to show these facts. The officer inserted the correct name, but left the return reciting merely that he was agent of the defendant company, leaving out the fact that he was local agent in this State. The amendment of the return by the sheriff should be considered in connection with the order of court directing the amendment, and so considering the matter, it is shown that the defendant company was summoned by serving its local agent in this State, which fills the requirements of our statutes.

2. It is contended that the service of citation is void because the record shows that the defendant in the suit is a foreign corporation, and fails to show that it was doing business in this State. It was alleged that the corporation had a local agent in Dallas County, State of Texas, and the court found this allegation to be true, and that C. F. Fletcher was such local agent, and had been duly served with the process. It is held that service upon the agent of a foreign corporation is not valid, unless it appears from the record that the foreign corporation is engaged in business in the State wherein the suit is pending and the service effected. St. Clair v. Cox, 106 U. S., 350. The term "local agent" as alleged and established by the judgment of the court implies a representative of the corporation appointed to transact its business and represent it in the particular locality. It does not embrace the idea of an agent who casually happens to be in the particular territory, or one who is temporarily sent to such locality to perform some particular purpose or specific act. It is here a statutory term, and implies that the corporation is doing business in this State, and is represented in that business by an agent who at the time is located within the State. In the St. Clair case, above cited, it is held that where a foreign corporation is engaged in business in a State, service of process may legally be had upon an agent charged with its business in such State. In view of the facts appearing from the record in this case, we are of the opinion that the service of citation was effective.

It is assigned as error that the judgment is excessive to the extent of the interest allowed for the year 1897, to wit, $30. It is alleged that the services were rendered in the latter part of 1896 and the fore part of 1897. It is not alleged when the demand became due, nor that there was any agreement as to interest. Our interest statute provides that open accounts shall bear interest from the first day of January after they are made. Rev. Stats., art. 3102. The judgment awarded interest on the principal amount claimed from January 1, 1897. Presumptions as to evidence in support of the judgment should not be extended beyond the reasonable scope of the allegations in the pleadings. We think this assignment is well taken. If the defendant in error will remit the $30 allowed as interest for the year 1897, within ten days, the judgment

will be affirmed, the cost of appeal to be taxed against defendant in error. If this amount is not so remitted, the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*