Marvin Pruitt and Mrs. A. C. Terry and her husband were sued by the Kimbell Milling Company on a series of six vendor's lien notes and for the foreclosure of the lien on the land. Marvin Pruitt was the maker and Mrs. A. C. Terry the indorser of the notes. The defendants pleaded that the notes were not transferred to the plaintiffs, but were only left with them for the purpose of borrowing money for the Pruitt Feed Store and for the purpose of securing future shipments of goods to the Pruitt Feed Store, and that the money was not borrowed and the goods were not shipped; and, further, that the transaction in which the vendor's lien notes were taken was for the purpose of evading the homestead law, and that it was not a bona fide transaction; that Mrs. Terry was a married woman, and was not joined by her husband in the indorsement of the notes.
The court made the following findings of fact and conclusions of law:
"(1) I find that on January 20, 1920, Mrs. A. C. Pruitt, then a feme sole, was conducting a mercantile business at Lindale, in Smith county, Tex., under the name of Pruitt Feed Store, and had been so conducting such business for some two or three years prior and up to said date, during which time she bought and sold flour, grain, and feed stuff; that her son, Marvin Pruitt, during the time such business was conducted, managed the business for her.
"(2) That on January 12, 1920, Mrs. Pruitt married Jefferson Terry, after which time the mercantile business was continued as theretofore, until some time in the fall of 1920, Marvin Pruitt continuing to manage the business for his mother.
"(3) That plaintiff from time to time sold merchandise to and shipped same to the Pruitt Feed Store, and carried a running account with said feed store both before and after the marriage *Page 656 
of Mrs. A. C. Pruitt; that at the date of her marriage she was indebted to plaintiff, the amount not shown; and on July 10, 1920, said feed store was indebted to plaintiff on said running account in the sum of $4,600.
"(4) On July 10, 1920, Mrs. A. C. Terry (formerly Pruitt) joined by her husband, executed and delivered to Marvin Pruitt a general warranty deed, whereby she conveyed to Marvin Pruitt property situated in the town of Lindale, Smith county, Texas, described as follows: [Then follows description of property.] That in consideration for said conveyance, Marvin Pruitt executed and delivered his certain promissory notes, payable to A. C. Terry, to wit, six notes [Here follows description of notes.] I further find that in the conveyance before mentioned the vendor's lien is retained on the property conveyed until said notes are fully paid.
"(5) I find that on or about the 10th day of July, 1920, Mrs. A. C. Terry, being indebted to plaintiff in the sum of $4,600 on account, for the purpose of securing the payment of said account, indorsed said notes and delivered same to plaintiff.
"(6) I find that neither of said notes, nor any part thereof, has been paid, and that said account has not been paid. However, I find that Marvin Pruitt, some three or four months after the delivery of the notes to plaintiff, by deed reconveyed said property before described to Mrs. A. C. Terry, the consideration recited being the cancellation of said notes, but I find that the notes were not in her possession, but had at all times since delivery to plaintiff been in possession of plaintiff, and that plaintiff has continuously demanded payment thereof.
"(7) That plaintiff has employed the attorneys of record for plaintiff in this case to institute this suit to compel payment of said notes.
 "Additional Findings.
"At the time the plaintiff received the vendor lien notes in question from Mrs. A. C. Terry, it paid no consideration therefor, and did not thereafter pay any consideration other than that same was accepted as collateral security for the indebtedness she was then owing plaintiff and extended the time for payment of such indebtedness; that is, gave her further time on said indebtedness without specifying any particular time.
"There was no evidence offered as to any written transfer of the vendor lien notes from Mrs. Terry to plaintiff, other than her indorsement on the back thereof.
"The property conveyed by Mrs. A. C. Terry and her husband to Marvin Pruitt was occupied by her for the conduct of her business under the name of Pruitt Feed Store, and under such circumstances as would constitute it her business homestead, if a married woman can have a business homestead; and it was so occupied at the time the vendor lien notes in question were transferred and delivered by Mrs. Terry to plaintiff. I find that the plaintiff had no notice of any intention upon the part of Mrs. Terry and her son Marvin Pruitt in making the conveyance other than the legal effect of the instrument of conveyance. I deem it immaterial, and therefore decline to make any findings as to what their purpose and intentions were in making said conveyance.
"I find that after the execution of the deed in question the Pruitt Feed Store made some remittance, the exact amount not shown, to plaintiff; I find, however, that at the time suit was filed and on the date of the judgment in this case, Mrs. Terry or the Pruitt Feed Store owed plaintiff on account for merchandise more than the face value of the notes sued on and interest.
"Findings on other matters requested are deemed to be immaterial to the issues involved in this case, and I therefore decline to find with reference to them.
"These additional findings do not change the conclusion formerly arrived at by me.
 "Conclusions of Law.
"Upon the foregoing facts, I conclude that plaintiff is the legal holder of said notes and entitled to recover thereon principal, interest, and attorney fees, and to a foreclosure of the vendor's lien, and that defendant Marvin Pruitt is liable as maker and Mrs. A. C. Terry as indorser, and judgment will be entered accordingly."
Error is predicated upon the ruling of the court that Mrs. A. C. Terry, a married woman, is liable in personal judgment on her indorsement of the notes. It appears that Mrs. A. C. Terry conducted a mercantile business for several years before and for eight or nine months after her marriage. She became indebted to the Kimbell Milling Company on account, and for the purpose of securing the payment of the account indorsed and delivered the notes, which were her separate property. Under the present statute (article 4621) giving to the wife the sole management, control, and disposition of her separate estate, a married woman may dispose of her promissory notes and pass title to the same. In this case Mrs. Terry could transfer the notes for her pre-existing debt, or as collateral security for such debt. But it is believed that she has not the authority under the terms of the statute to go further and incur the obligation and liability of an indorser of negotiable notes, as here presented. Indorsement is a separate and substantive contract, and is not a necessary prerequisite to effectual transfer or sale of a negotiable note. The contract of an indorser is, among other things, that if, when duly presented, the note is not paid by the maker, he, the indorser, will, upon due and reasonable notice given him of the dishonor or refusal, pay the same. 1 Daniel on Neg. Instr. §§ 669a, 671; 3 R.C.L. p. 1148, § 363. By the indorsement of a note, then, a married woman would become legally liable for the note in the event the maker did not pay the same. In effect the married woman by her *Page 657 
indorsement obligates herself to become liable for the debt of another. And the statute (article 4624) expressly provides as follows:
"Provided, the wife shall never be the joint maker of a note or a surety on any bond or obligation of another without the joinder of her husband with her in making such contract." Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923.
The assignment therefore should be, we think, sustained, and the judgment be so modified as to deny a personal judgment against Mrs. A. C. Terry, and, as so modified, the judgment will be in all things affirmed. The costs of appeal will be taxed against appellees.
It may be proper to observe that any question of liability of Mrs. Terry for her original debt is not here presented by the pleadings.
The judgment is modified and affirmed.