RULE–JAYTON COTTON OIL CO. v. VERA GIN CO. et al.   (No. 1617.)

(Court of Civil Appeals of Texas.   El Paso. April 10, 1924.)

1. Sales ⬡⟶201(4)—Loss of seed after delivery to carrier for shipment borne by buyer.

Loss of seed after delivery to carrier billed to buyer f. o. b. place of shipment must be borne by buyer.

2. Sales ⬡⟶82(2)—Presumption that payment for goods was to be made on delivery to buyer.

Presumption is that payment for goods for which buyer was to remit at once was to be made on delivery in absence of contrary agreement.

3. Sales ⬡⟶187—Interest recoverable from date of delivery of goods sold as damages for detention of money due.

In action for balance due on agreed purchase price of goods, interest at 6 per cent. is recoverable from date of delivery, not as interest eo nomine, as in suit on open account under Rev. St. art. 4978, but as damages for wrongful detention of money due.

4. Costs ⬡⟶238(2)—Cost of appeal taxed against appellant notwithstanding reformation of judgment as to matter not pointed out in motion for new trial.

Where allowance of excessive interest was not directed to trial court's attention in motion for new trial, costs of appeal will be taxed against appellant, notwithstanding reformation of judgment in that particular.

Appeal from District Court, Knox County; J. H. Milan, Judge.

Action by the Vera Gin Company and others against the Rule–Jayton Cotton Oil Company. Judgment for plaintiffs, and defendant appeals. Reformed and affirmed.

Thomas & Pope, of Anson, and Stinson, Coombes & Brooks, of Abilene, for appellant. Dickson & Newton, of Seymour (S. P. Weisiger, of El Paso, of counsel), for appellees.

HIGGINS, J.   W. F. Snody and R. J. Massongill, composing the partnership known as the Vera Gin Company, and J. O. Feemster, appellees, brought this suit against the Rule–Jayton Cotton Oil Company, a corporation, to recover the sum of $1,075.17, balance alleged to be due them as the purchase price of certain cotton seed sold and delivered by appellees to the appellant.

Appellees alleged that they were the owners of 121,000 pounds of cotton seed stored in the town of Benjamin, Tex., and C. M. Francis and J. C. Burnham, representatives of appellant, called on Snody and made a deal whereby appellant purchased from appellees such seed at the agreed price of $40 per ton f. o. b. the cars at Benjamin; that plaintiffs shipped the seed in three cars, and appellant received the same and milled it, but failed to remit as agreed, and subsequently, when plaintiffs called on defendant for settlement, they learned for the first time that appellant claimed it has received only 76,420 pounds, for which it offered to pay at the rate of $40 per ton, which offer was declined, but that plaintiffs had subsequently accepted a check for $1,347.05 in part payment, leaving a balance of $1,015.17, for which amount, with interest, it sued.

Appellants denied that the seed were delivered to it at Benjamin, but claimed that under their contract the weights and grade of the seed were guaranteed at Rule, Tex., the point of destination, and that on receipt of shipment at Rule the same was weighed, and it was found that it contained only 76,420 pounds, for which it had paid. In other words, the contract of sale as contended for by the appellees was f. o. b. at Benjamin, Tex., while the appellant's contention was that the sale was made with weights and grades guaranteed at Rule, Tex.

Upon special issues the jury found:

First.   That Snody sold the cotton seed to appellants at $40 per ton f. o. b. Benjamin.

Second.   That plaintiff Massongill did not sell to the defendant the seed at $40 per ton f. o. b. Benjamin, weights and grade guaranteed at Rule.

Third.   That the actual weight of the seed loaded by the plaintiffs at Benjamin and consigned to the defendants at Rule was 112,000 pounds.

Fourth.   That the actual weight of the seed after it reached Rule was 112,000 pounds.

Upon the facts so found judgment was rendered in favor of the appellees for the principal sum of $750.82 and $55.36 interest as prayed for, making a total of $806.18.

Explanatory of the first two issues it should be said that appellant claims that the seed was purchased under a contract made over the telephone with Massongill, which it subsequently confirmed by letter. Massongill admitted having the conversation with a representative of appellant, but denied making an agreement of any kind to sell.

Subsequently the representative of appellant negotiated with Snody, the managing member of the firm, relative to the sale of the seed, and appellees' contention is that the sale was made in pursuance of an oral agreement then entered into between Snody and such representative, and that such agreement was as shown by the first finding.

[1] The case is essentially one of fact, the material issues being those embodied in the

first three issues submitted by the court. An examination of the statement of facts discloses tho findings upon those issues to be amply supported by the evidence. The evidence also discloses that the seed was billed to appellant upon delivery to the carrier. Upon this state of facts it follows that as bctween appellant and appellee any loss of the seed occurring after delivery to the railway company for transportation must be borne by the former. It further follows that the fourth finding by the jury is immaterial, and the fact that it may be contrary to the evidence as contended by appellant presents no ground for reversal.

All assignments and propositions which proceed upon the theory that under the contract the weight of the seed, was guaranteed at Rule are controlled by the first and second adverse findings, and for this reason same are overruled.

[2] Appellant complains of the allowance of interest from the date of delivery of the seed in February, 1922.* The trial was in February, 1923. It was alleged that appellant was to remit for the seed at once. The presumption is that payment was to be made upon delivery in the absence of an agreement to the contrary. Waples & Co. v. Overaker & Co., 77 Tex. 7, 13 S. W. 527, 19 Am. St. Rep. 727; Howard v. Emerson (Tex. Civ. App.) 65 S. W. 382. There is no evidence to rebut this presumption.

[3] If this suit was for a balance due upon open account interest eo nomine would be recoverable only from July 1, 1923. In such cases article 4978, R. S., controls. But the sale was an isolated transaction under special contract at an agreed price. Under such circumstances the term "open account" as used in article 4978 has no application (McCamant v. Batsell, 59 Tex. 363; Howard v. Emerson, supra; Bixler v. Dolieve [Tex. Civ. App.] 220 S. W. 148), and interest at the rate of 6 per cent. per annum was recoverable from date of delivery of the seed, not as interest eo nomine, but as damages for the wrongful detention of the money due. Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; McDaniel v. Nat. Steam Laundry Co., 112 Tex. 54, 244 S. W. 135; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Frick Co. v. Wright, 23 Tex. Civ. App. 340, 55 S. W. 608; Howard v. Emerson (Tex. Civ. App.) 65 S. W. 382.

[4] In this connection it is also asserted that in any event the interest allowed was excessive to the extent of $10.36. Upon calculation it appears that it is excessive in approximately that amount, and the judgment will be reformed to that extent and affirmed. This error would no doubt have been corrected by the trial court had its attention been directed thereto in the motion for new trial. This was not done. For this reason the costs of the appeal will be taxed against appellant notwithstanding the reformation.

Reformed and affirmed.