**GOODING v. DOVE.** (No. 9127.)

(Court of Civil Appeals of Texas. Dallas.
May 17, 1924.)

**Husband and wife ⬅156, 159—Wife cannot be held as surety or joint maker on husband's note.**

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621 and 4624, and in view of articles 4629a to 4629d, removing certain disabilities of coverture, a wife cannot be held as surety for, or joint maker with, her husband on his note.

Appeal from Rockwall County Court; J. W. Reese, Judge.

Action by W. F. Dove against Annie L. Gooding. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Grace N. Fitzgerald, of Dallas, for appellant.

Claude Isbell, of Rockwall, for appellee.

JONES, C. J. This is an appeal from the county court of Rockwall county by Annie L. Gooding, appellant, from a judgment entered against her in the sum of $352.11 in favor of W. F. Dove, appellee. The judgment represented the amount of principal, interest, and attorney's fee of a promissory note executed by J. J. Gooding, as principal, and appellant as surety, on October 29, 1917, in favor of appellee, and due one year from date.

Appellant and the said J. J. Gooding are husband and wife, having married during the year 1900, and having lived together in such relation since said marriage. Some time previous to the execution of the said note, J. J. Gooding had executed a note at a bank in the city of Rockwall, which note appellee had signed with him as his surety. Appellant had not joined in the execution of this note in any capacity, nor had she indorsed same. When this note became due, it was not paid by Gooding, and appellee was compelled to pay same. The money received from the bank on this note was used by Gooding for the purpose of buying seed and paying farm hands in the making of a crop. The note forming the basis of this suit represented the amount paid by appellee in the discharge of Gooding's note, and the additional amount of $27, owing to appellee for groceries purchased on the credit of J. J. Gooding. Appellee prepared this note for the amount of Gooding's indebtedness to him, and presented it to Gooding for his signature. Gooding signed the note. After it was signed, appellee stated that he must have some surety. Gooding stated that the only surety he could give was his wife, and that she might sign the note for this purpose. Upon appellee presenting the note to appellant, she signed same. The evidence is clear and undisputed that the debt represented by the note was a community debt of Gooding, and that it was not contracted in behalf of appellant's separate estate, nor as necessaries sold to her under her contract, nor on her credit.

After the execution of this note, but previous to the trial, J. J. Gooding had been adjudged a bankrupt and had been discharged from the indebtedness represented by the note. Appellant and her husband were jointly sued on this note and a recovery sought against each. As a defense to the suit, J. J. Gooding pleaded his discharge in bankruptcy, and this fact was established by competent evidence in the trial of the case. Appellant properly pleaded her coverture as her defense in the suit, and this plea likewise was established by proper evidence. Appellee knew that appellant was the wife of J. J. Gooding at the time he solicited and secured her signature to the note as surety for her husband.

The case was tried before the court, and judgment entered in favor of defendant J. J. Gooding, but against appellant Mrs. Annie L. Gooding, and she has duly perfected her appeal to this court and duly made assignments of error.

The facts of this case come within the rule announced by the Supreme Court in Red River National Bank v. J. E. Ferguson et al., 109 Tex. 287, 206 S. W. 923, in which it is held that under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, and 4624, and in view of articles 4629a to 4629d, removing cer-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tain disabilities of coverture, a wife cannot be held either as surety for, as as joint maker with, her husband on his note.

It is therefore the opinion of the court that this case must be reversed and here rendered in favor of appellant.

Reversed and rendered.

⚷⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes