## PHILLIPS et al. v. JONES. (No. 1874.)

(Court of Civil Appeals of Texas. El Paso. March 25, 1926.)

**1. Judgment ⬤⟿194—Judgment held final, though no express disposition was made therein of defendants' cross-action.**

Judgment in seller's action to recover deposit made with brokers *held* final, though no express disposition was made of defendants' cross-action, since it was adjudged by implication against defendants.

**2. Damages ⬤⟿67—Interest held recoverable as matter of law as damages for wrongful detention of money due.**

In suit on liquidated demand, with prayer for recovery of interest, interest was recoverable as a matter of law as damages for wrongful detention of money due.

**3. Partnership ⬤⟿219(3)—Judgment against both defendants held proper, where answer disclosed a joint liability for sum sued for, though partnership not alleged, and there was no evidence that one of them had any connection with transaction.**

In suit to recover deposit made with brokers in sale of land, judgment against both defendants *held* proper, though it was not alleged that they were partners, and there was no evidence that one of them had any connection with the transaction, where defendant's answer disclosed a joint liability for sum sued for, if wrongfully detained by one of them.

**4. Trial ⬤⟿36.**

Facts affirmatively admitted in pleadings on which a case is tried need not be proved.

**5. Brokers ⬤⟿54—Broker held not to earn his commissions as for sale by simply procuring optional purchaser, who declined to finally consummate sale.**

Where land was listed with brokers for sale, broker *held* not to earn his commission as for a sale, where he simply procured an optional purchaser who declined to finally consummate the sale, especially where broker, after purchaser notified him of his unwillingness to consummate the purchase without knowledge or

consent of principal, made no further effort to induce purchaser to close the deal.

Appeal from Taylor County Court; Carlos D. Speck, Judge.

Action by J. M. Jones against M. M. Phillips and another, in which defendants filed a cross-action. Judgment for plaintiff, and defendants appeal. Affirmed.

Ben L. Cox, of Abilene, for appellants.

Scarborough & Wilson, of Abilene, for appellee.

HIGGINS, J. Appellee, Jones, listed a tract of land for sale with M. M. Phillips and R. O. Dawson, agreeing to pay a commission of 5 per cent. upon sale. Through the procurement of Phillips and Dawson, Jones entered into a contract of sale with N. S. Johnson. Each of these parties deposited with Phillips and Dawson the sum of $500 as an evidence of good faith to be forfeited in case of failure to comply with the contract. This contract imposed no obligation to buy upon Johnson, and amounted to nothing more than an option in his favor to buy for $7,000.

On or about December 18, 1923, Johnson notified Phillips that he was unable to carry out the trade, whereupon Phillips remitted to Jones $650 of the money deposited as aforesaid, retaining $350, which he claimed as commission.

Jones brought this suit against Phillips and Dawson to recover said sum of $350, with 6 per cent. interest from December 18, 1923. Upon trial a peremptory charge was given to find in the plaintiff's favor for said sum, with 6 per cent. interest from December 18, 1923. Verdict to that effect was returned, and judgment rendered accordingly.

In the answer it was alleged:

"Defendants admit that plaintiff listed the land described in plaintiff's petition with defendants for the purpose of sale, and agreed to pay defendants 5 per cent. commission thereon."

The defendants then set up that they had earned the $350 by virtue of the contract made with Johnson. They further, by way of cross-action, set up their right to said sum, and asked that it be offset against the plaintiff's demand.

[1] It is first asserted that the judgment is not final because no express disposition is made therein of such cross-action. It is well-settled that the judgment is not subject to the objection made. By implication the cross-action is adjudged against appellants. Trammell v. Rosen, 157 S. W. 1161, 106 Tex. 132; Medearis v. Buratti (Tex. Civ. App.) 275 S. W. 617.

It is objected to the charge that interest was not recoverable as a matter of law, but it was for the jury to determine whether it should be allowed as damages.

[2] The plaintiff was suing upon a liquidat-

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(283 S.W.)

ed demand, and in his petition asked for the recovery of interest from December 18, 1923. In such a case interest is recoverable as a matter of law as damages for the wrongful detention of money due, and the court did not err in so treating it. St. Louis S. W. Ry. Co. v. Seale & Jones (Tex. Com. App.) 267 S. W. 676; Rule-Jayton, etc., v. Vera Gin Co. (Tex. Civ. App.) 261 S. W. 157.

[3, 4] Error is assigned to the judgment against Dawson because it was not alleged that the defendants were partners, and there is no evidence that Dawson had any connection with the transaction. It is not necessary to prove facts affirmatively admitted in the pleadings upon which a case is tried. Ogden v. Busse, 24 S. W. 798, 86 Tex. 344; Houston E. & W. T. Ry. Co. v. De Walt, 70 S. W. 531, 96 Tex. 121, 97 Am. St Rep. 877.

The portion of the defendant's answer above quoted discloses a joint liability for the sum sued for, if wrongfully detained by Phillips.

[5] Error is assigned to the peremptory instruction upon the ground that there were various issues of fact which should have been submitted to the jury for its decision. It is admitted in the answer that the land was listed for sale, and it cannot be said that the agent has earned his commission as for a sale who simply procures an optional purchaser who declines to finally consummate the sale. This is especially true when the evidence conclusively shows, as it does here, that, when the prospective purchaser notified the agent of his unwillingness to consummate the purchaser, the agent, without the knowledge or consent of his principal, treats the matter as a closed incident, and makes not the slightest effort to induce such purchaser to close the deal.

The court did not err in giving the peremptory instruction.

Affirmed.