**PRESTON STATE BANK, Appellant,**

v.

**F. A. FINBERG et ux., Appellees.**

**No. 15299.**

Court of Civil Appeals of Texas.

Dallas.

June 7, 1957.

Rehearing Denied Jan. 12, 1957.

Further Rehearing Denied Sept. 27, 1957.

C. E. Kennemer, Jr., and James P. Dono-
van, Dallas, for appellant.

Emil Corenbleth and Harold B. Berman, Dallas, for appellees.

DIXON, Chief Justice.

This case presents the question whether a married woman in the absence of fraud is personally liable for an overdraft in a bank account in her name, which overdraft was occasioned in part at least by a check drawn by her husband, payable to the order of the wife, endorsed by the wife, and deposited by the wife in her bank account. The husband's check was refused payment by his Bank because of insufficient funds on deposit in his account.

In a suit instituted by the wife's Bank, judgment was rendered against the husband, but in favor of the wife to the effect that the Bank take nothing against her. The Bank has appealed from the judgment in favor of the wife.

The husband has not appealed from the judgment against him. In fact he candidly admits his own personal liability. Except for a controversy as to the correct date for the beginning of interest charges, the only issue before us is the question of his wife's personal liability.

The facts are undisputed. On November 14, 1953, Mrs. F. A. Finberg had in her own name a drawing account with Highland Park State Bank, whose name was later changed to Preston State Bank, appellant. On the above date Mrs. Finberg presented to her Bank a check in the amount of $250 given to her by her husband, which check was drawn by her husband on an account in his name with Republic National Bank of Dallas. At the time Mrs. Finberg endorsed the check before depositing part of it. She was paid $40 cash by Preston State Bank, so her account was credited only with a deposit of $210.

At the time the husband, F. A. Finberg, signed the check on November 14, 1953, he had on deposit in his drawing account with Republic National Bank of Dallas the sum of $673.48. However he was indebted to Republic National Bank of Dallas in an amount in excess of $673.48. On November 16, 1953, the Bank charged the husband's account with this indebtedness, and applied the money he had on deposit as a credit on said indebtedness. Consequently when his $250 check payable to his wife reached Republic National Bank of Dallas through clearing house channels, there was no money in his account and his check was returned to Preston State Bank unpaid because of insufficient funds. So far as the record before us shows, Mr. Finberg does not challenge the right of Republic National Bank of Dallas to take over the funds credited to his bank account in satisfaction of his indebtedness to said Bank.

Meantime Preston State Bank had credited Mrs. Finberg's account with a deposit of $210 based on the uncashed portion of her husband's check for $250. Mrs. Finberg had thereafter written checks on her account, reducing the balance to $33.02. When the $250 was charged back against her account an overdraft of $216.98 resulted. Preston State Bank was unsuccessful in its efforts to obtain payment of the overdraft from either Mr. Finberg or Mrs. Finberg. Both of them were named as defendants when Preston State Bank filed suit.

At the time Mrs. Finberg opened her account at Highland Park State Bank (now Preston State Bank), she signed an instrument designated as a signature card. This signature card includes terms expressly agreed to by Mrs. Finberg as follows:

"In receiving items for deposit or collection, this Bank acts only as depositor's collecting agent and assumes no responsibility beyond due care. *All items are credited subject to final payment in cash or solvent credits.* This Bank * * *; may charge back any item at any time before final payment * * *." (Emphasis ours.)

We find nothing in the record to indicate that either Mr. Finberg or Mrs. Finberg was guilty of intentional wrongdoing in

connection with the transactions involved here.

## Opinion

In two points on appeal Preston State Bank takes the position that the trial court erred in rendering judgment that the Bank take nothing against Mrs. Finberg because (1) under the circumstances Mrs. Finberg was not entitled to protection from liability on the grounds of coverture, and (2) the Bank in its judgment against Mr. Finberg should have been allowed interest from December 23, 1953, the date the overdraft was charged back against Mrs. Finberg's account, instead of from December 5, 1956, the date of the judgment.

In 1913 our Legislature enacted certain statutory changes which had the effect of enlarging the rights of married women in the management of their separate estates. We quote parts of said statutes which are material here:

Art. 4614, Vernon's Ann.Civ.St. "* * * The wife shall have the sole management, control, and disposition of her separate property * * *." (This statute contains certain limitations not applicable here.)

Art. 4622, V.A.C.S. "Funds on deposit in any bank or banking institution, whether in the name of the husband or wife, shall be presumed to be the separate property of the party in whose name they stand * * *."

In 1943 our Legislature enacted the Texas Banking Code. We quote material parts of said Code:

Art. 342–701(d), V.A.C.S. "The term 'item' means a check * * *."

Art. 342–702, V.A.C.S. "When an item is deposited with or received by a bank, the receiving bank * * * shall be deemed the agent of the owner of the item. *Such relation of agency shall exist although the original agent credits the item to the account of the owner and permits the owner to check against the credit so created, and such credit shall be conditional until the original agent has received the proceeds of* *the item in cash* * * *." (Emphasis ours.)

Art. 342–710, V.A.C.S. "A bank may pay a present or future deposit, payable to or on the order *of* * * * a * * * married woman * * * *to* such * * * married woman * * *." (Emphasis ours.)

■ We find no evidence in this record sufficient to overcome the statutory presumption that funds deposited in the bank account standing in Mrs. Finberg's name were her separate property. Therefore we hold that in her dealings with Preston State Bank Mrs. Finberg was engaged in the management of her separate estate. Consequently she is bound by her depositor's contract with the Bank and by the statutes hereinbefore quoted.

■ The statutes must be interpreted to mean that under the circumstances here present Mrs. Finberg is personally liable to the Bank for the overdraft created when her agent, the Bank, at her request paid out money on the strength of the conditional credits which had been entered for her benefit in her account.

In 2 Bishop, "Law of Married Women," sec. 21, it is said: "Every statute carries with it so much of collateral right and remedy as will make its provisions effectual; or as Lord Coke expresses it 'when the law granteth anything to anyone that also is granted without which the thing cannot be.'"

In answering a certified question our Supreme Court in Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S.W. 694, 696, said: "The power granted by the statute to Mrs. McMahan to manage and control the store building, belonging to her separate estate, and the rents to be derived therefrom, carried with it the incidental and collateral power to make a contract with her tenant to repair the store building and to employ others to make needed repairs. She would be liable for the breach of her contract * * *."

Appellee, Mrs. Finberg, takes the position that the Bank's suit is based on her endorsement of her husband's insufficient check, by reason of which endorsement she became a surety on her husband's contract. It is her view that her defense of coverture is good, since Art. 4623 provides that a wife cannot be a surety on a contract without the joinder of her husband. In further support of her contention she cites us the cases of Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; Pruitt v. Kimbell Milling Co., Tex.Civ.App., 247 S. W. 655; and Gooding v. Dove, Tex.Civ. App., 262 S.W. 506.

■ In our opinion the statute and cases cited by appellee are not applicable to the pleadings and facts of this case. In its petition appellant set out the facts in detail and alleged "That by reason of the foregoing the defendants became indebted to the plaintiff in the amount of $216.98 on the 23rd day of December 1953." The above date is not the date on which Mr. Finberg's check in the amount of $250 was returned marked "Insufficient funds." It is the date on which Preston State Bank charged Mrs. Finberg's account with an overdraft of $216.98.

Thus it becomes apparent from the pleadings that the Bank has not attempted to ground its suit on an alleged liability of Mrs. Finberg as surety on her husband's check in the amount of $250. On the contrary appellant's pleadings and the undisputed facts adduced thereunder plainly show that the Bank is relying on Mrs. Finberg's contractual and statutory liability as an original and primary debtor by reason of the overdraft of $216.98 in her account with her agent, the Bank.

We sustain appellant's first point on appeal.

■ We come now to appellant's second point on appeal. The trial court allowed appellant interest on the judgment against Mr. Finberg from December 5, 1956, the date the judgment was announced by the court. Appellant says interest should be allowed from December 23, 1953, against both defendants. The latter is the date on which appellant, after unsuccessful demands for payment, charged Mrs. Finberg's account with the overdraft.

We agree with appellant. The Bank's claim was a liquidated demand, and the obligation to pay interest began with the accrual of the debt. Art. 5069, V.A.C.S.; Phillips v. Jones, Tex.Civ.App., 283 S.W. 298; Porter v. Russek, Tex.Civ.App., 29 S.W. 72.

We sustain appellant's second point on appeal.

The judgment in favor of Mrs. Finberg is reversed and judgment here rendered for Preston State Bank for $216.98 plus interest at 6% from December 23, 1953, against Mrs. F. A. Finberg.

The judgment against Mr. F. A. Finberg is reformed so that the Preston State Bank shall have judgment against Mr. F. A. Finberg for $216.98 plus interest at 6% from December 23, 1953.

Reversed and rendered in part and modified and affirmed in part.

On Rehearing

Appellee says that since appellant did not except to the trial court's findings of fact we must conclude that the findings are correct and be bound by them.

■ We are unable to agree with appellee. Appellant filed a notice of appeal, and a statement of facts was prepared and sent to us as part of the record, and was considered by us. Appellee admits that the facts disclosed by the record are undisputed. Our Supreme Court has held that when a statement of facts appears in the record, the findings of fact are not conclusive on appeal, though the findings were not excepted to by appellant. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156. This Court has heretofore on several occasions followed the Supreme Court's holding. Galloway v. Nichols, Tex.Civ.App., 269 S. W.2d 850; Pacific Indemnity Co. v. Har-

rison, Tex.Civ.App., 277 S.W.2d 256; and Gulf C. & S. F. Ry. Co. v. White, Tex.Civ. App., 281 S.W.2d 441.

Appellee further says that we are entirely inconsistent in our reasoning that the appellant is relying on Mrs. Finberg's contractual and statutory liability as an original and primary debtor by reason of the overdraft of her account. Appellee asks, "If such be the case, what is the basis of the recovery that the appellant sought and received against Mr. Finberg?"

By way of answer we point out that (1) Mr. Finberg did not sign and he was not a party to the signature card or the deposit contract with the Bank. Mrs. Finberg did sign both documents. Whatever may have been the grounds for holding Mr. Finberg liable, we see no inconsistency in holding Mrs. Finberg liable on her contract; (2) Mr. Finberg admitted that he owed "someone $250.00 for that check," and that he had not paid anyone for it. He did not appeal from the judgment rendered against him in favor of the Bank. Therefore the grounds of his liability are not before us for consideration.

The motion for rehearing is overruled.