Mack FERRIER et al.

v.

CAPROCK MACHINERY COMPANY

No. 7081.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 25, 1961.

Culton, Morgan, Britian & White, Amarillo, L. A. White and Neal R. Allen, of counsel, Amarillo, for appellants.

E. Byron Singleton, Amarillo, for appellee.

CHAPMAN, Justice.

This is a venue appeal.

Appellee, Caprock Machinery Co. sued appellants, Mack Ferrier, Otto Ferrier and Ferrier Brothers in the District Court of Potter County for payment for repairs alleged to have been made for them on appellants' truck crane. Appellants filed their plea of privilege to be sued in Baylor County where both of the Ferrier brothers reside and have their principal place of business. Appellee controverted, seeking to maintain venue in Potter County under sub-section 5, of Art. 1955 which provides:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. As amended Acts 1935, 44th Leg., p. 503, ch. 213, § 1."

Before discussing the substantive law we shall dispose of a procedural point raised by appellee in its argument under certain of its counterpoints. If we understand its brief it argues that where the record before us shows no objections or exceptions to the trial court's findings, such findings must be accepted by us. Our Supreme Court has held otherwise. In Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156, 158 that court said: "There is nothing in the rules which provides that in a case tried before the court without a jury its findings of fact are conclusive on appeal when a statement of facts appears in the record." See also Durham v. Ft. Worth Tent & Awning Company, Inc., Tex.Civ.App., 271 S.W.2d 181 and Preston State Bank v. Finberg, Tex. Civ.App., 305 S.W.2d 654. These cases are not venue cases but our Supreme Court in a venue case has said, " * * * the power of the Court of Civil Appeals in reviewing the fact findings of the trial court is the same as it is in any other appealed case." Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, 95. We accordingly hold that appellants are not precluded from challenging in this court findings made by the trial judge simply because they did not file in the trial court an exception to the findings, there being a statement of facts before us and the brief of appellants having challenged the material findings of fact.[1] If this court has heretofore held to the contrary such holding is hereby overruled.

Appellants ordered a T–24 Michigan Truck Crane from Clark Equipment Company, the manufacturer, through appellee, a distributor for Clark Equipment Co. The transaction was made by a purchase order prepared by appellee on its printed form and signed by appellants. The purchase order described the equipment in detail, named the implement traded in as a down payment and showed the value allowed on the trade-in implement. It also showed the purchaser as Ferrier Bros., P.O. Box 1079, Seymour, Texas, and that it was to be shipped to

---

1. We believe many of the designated "Findings of Fact" are conclusions of law.

"F.O.B.—Wheeler, Texas." The purchase order also provided, "Payable to Caprock Co., Amarillo, Texas, as follows: Cash ———— Trade Allowance ———— Balance to finance ———— Final Charge ———— Total ———— Payable in ———— Equal monthly payments of ———— each and one monthly payment of first of which is due ———— and following payments due on the same day of each succeeding month."

As is readily observable, the paragraph just quoted provides: "Payable to Caprock Co., Amarillo, Texas, as follows:"[2] [and if material at all it is not material to the obligation here sought to be enforced.] But none of those blank spaces were filled in. The purchase order also contains printed provisions dealing with insurance, manufacturer's price changes, contingencies over which seller had no control, warranty, etc. including a statement that new machinery covered by the order was governed by the manufacturer's warranty, and that in the event of failure during the warranty period Caprock Equipment Co. would assist appellant in obtaining the necessary adjustments. This purchase order is one of the instruments relied on by appellee to sustain venue in Potter County.

As may be seen from the instrument, there is not anything in it that imposes upon appellant any obligation to pay for repairs [the obligation sought to be enforced] either in Amarillo, in Potter County, or any other designated place.

Our Supreme Court has said, "[such] written instrument upon which suit is founded *must be signed by defendant and contain an express agreement on part of defendant to perform an obligation in a particular county, or a definite place in [such] particular county.*" Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825, Syl. 5. As heretofore stated, the obligation sought to be enforced here is payment for repairs. (Emphasis ours.)

2. A substantial part of Amarillo is in Randall County. In fact, the residence of a member of our court is in Amarillo, Randall Co.

Appellee contends: "The indebtedness sued upon is based upon, due by reason of and grows out of three contracts in writing, making a complete, whole transaction of purchase, sale, repairs, and payments and being p. Exhibit 1, p. Exhibit 2 and d. Exhibit 1-A." P. Exhibit 1 is the instrument just discussed. P. Exhibit 2 is nothing more than a letter from appellee to appellants concerning the new parts that should be installed in the crane and the price it would be necessary for them to charge for the labor and new parts. Appellants are not a party to the letter whatsoever except as addressees and do not obligate themselves in any manner by the exhibit to have the work repaired by appellee or to make payment for any repairs or replacements.

■ It is a fundamental rule of law, established by our Supreme Court, that venue may not be established by implication. Burtis v. Butler Bros., supra; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610.

■ Defendants exhibit 1-A which appellee attempts to use as an aid to sustaining the venue in Potter County is a lease-purchase contract between Clark Leasing Co. and Ferrier Brothers entered into two days after the date of the purchase order. Though saying it was nothing more than a matter of financing, the president and general manager of appellee company admitted the company sold the crane to Clark Leasing Corp. and that after it was paid out Clark Leasing Corp. gave a bill of sale to Ferrier Brothers on the equipment. It is also a matter of record that the payments by appellants to Clark Leasing Corp. were payable at 324 E. Dewey Ave., Buchanan, Berrien County, Michigan. We fail to see how appellee can find any consolation for its position in this instrument.

We are not unmindful of the trial court's designated findings of facts embodied in numbers (17), (18), and (19) of such findings, in which it finds the repairs were pay-

able in Amarillo, Potter County, Texas. There is no instrument so saying and no testimony to that effect, and such findings could be no more than conclusions of law, to which we cannot agree. Regardless of the legal gymnastics between Clark Equipment Co., Caprock Machinery Co., and Clark Leasing Corp. concerning the sale, payment for and the repairs upon the crane the fact still remains that the indebtedness sued upon was for repairs and there is not any evidence in the record that the payment for the repairs was to be made in Potter Co. The 1935 Amendment to Subsection 5 of Art. 1995 furnishes no relief for appellee, as its brief apparently contends. Our Supreme Court has said, "the essential obligation in suit for venue purpose is that of payment, and if no place of performance of that obligation is stated in the contract, no exception to the general rule of venue at the domicile is involved." Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120, 123.

Accordingly, the judgment of the court below is reversed and the case is ordered transferred to Baylor County.