## POWELL v. SMITH et al. (No. 9969.)

(Court of Civil Appeals of Texas. Fort Worth. April 29, 1922.)

**Execution ⬡⬡7—Judgment final though silent on a certain question.**

Where plaintiff sued out distress warrants against his tenants for an alleged indebtedness due him, and then brought suit to foreclose the liens which had been fixed by the levy of the warrants, the judgment was final so as to support execution, though it was silent as to a lien on certain hogs which was created by the levy of the warrants.

Appeal from District Court, Wichita County; E. W. Napier, Judge.

Suit by J. L. Powell against Fred K. Smith and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Carlton & Putty, of Wichita Falls, for appellant.

W. B. Chauncey, of Wichita Falls, for appellees.

DUNKLIN, J. J. L. Powell sued out distress warrants against A. P. Caldwell and Hester Caldwell, his tenants, claiming an indebtedness due him by the tenants of $3,500 for rents and for money and supplies furnished them by him during the year 1920 to enable them to make a crop on the farm leased to them by him for that year. Suit to foreclose the liens which had been fixed by the levy of the distress warrants was instituted in the district court of Wichita

county and was tried before a jury on special issues. One of the findings of the jury was that there was a balance due plaintiff by the defendants of only $65. Another finding made by the trial judge in addition to the finding by the jury was that "all of the stock and tools furnished by plaintiff to the defendants were returned to plaintiff by defendants together with the crops raised by the defendants upon the rented premises." The defendants had pleaded the facts so found by the trial judge, coupled with the further allegation that plaintiff had agreed that the doing of ·such acts on their part would be a full satisfaction of plaintiff's demands .for such advancements. Some of the animals levied on by virtue of the distress warrants were replevied by the plaintiff. The defendant Hester Caldwell in his pleadings claimed title to those animals, and by cross-action sought a judgment against plaintiff for damages for wrongfully suing out the distress warrant which was levied upon them. In answer to special issues the jury sustained that plea and awarded Hester Caldwell damages in the sum of $150 against the plaintiff. The court rendered a judgment in favor of Powell against A. P. Caldwell for the sum of $65, the amount which was found to be due him, together with a foreclosure of a landlord's lien upon one mule which had been levied on. The court further rendered judgment in favor of Hester Caldwell against the plaintiff for the sum of $150 damages allowed him by the jury on his cross-action.

One of the distress warrants issued in the suit was levied upon seven hogs, and in the judgment rendered there was no specific disposition of the lien created by that levy; the judgment being silent upon that issue.

The present suit was instituted by J. L. Powell to restrain by injunction the levy of an execution which was sued out by Hester Caldwell to collect the judgment so rendered in his favor on his cross-action in the former suit. The only ground for injunction was that the judgment in the former suit was not a final judgment because it failed to dispose of the asserted landlord's lien against the seven hogs mentioned above. The trial judge granted a temporary writ of injunction to restrain the threatened levy against plaintiff's property, but later sustained the defendants' motion to dissolve the writ, and from that order of dissolution the plaintiff has prosecuted this appeal.

The only question presented by the assignments of error is that the judgment in the former suit was not a final judgment for the reason alleged, and that therefore the court erred in dissolving the writ.

In Davies v. Thomson, 92 Tex. 391, 49 S. W. 215, the court quoted with approval the following from Rackley v. Fowlkes, 89 Tex. 613, 36 S. W. 77:

"The proposition seems to be sound in principle and well supported by authority that, where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one, but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

And in accordance with that announcement it held that a judgment in plaintiff's favor against the defendants for the sum of $14,000 should be construed as a denial of plaintiff's right of recovery also of the property and money claimed in his petition. Following those two decisions by the Supreme Court, and to the same effect, were the following decisions: Kendrick v. Lundsford (Tex. Civ. App.) 150 S. W. 480; Trammell v. Rosen, 106 Tex. 132, 157 S. W. 1161; Hermann v. Allen, 103 Tex. 382, 128 S. W. 115.

Upon those authorities, which we deem conclusive, all assignments of error are overruled, and the judgment is affirmed.