POMONA MUT. OIL SYNDICATE et al. v.
WILLIAMSPORT WIRE ROPE CO.
(No. 11467.)

(Court of Civil Appeals of Texas. Fort Worth.
Feb. 27, 1926.)

1. Appeal and error ⚏722(1).

Assignments contained in motion for new trial and shown in record may constitute assignments of error relied on, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1612, now Rev. St. 1925, art. 1844.

2. Appeal and error ⚏1040(16)—Assignment of error as to overruling of plea in abatement, based on failure of petition to state domicile of parties, will be overruled, where amended petition cured such defect existing before ruling on plea (Vernon's Sayles' Ann. Civ. St. 1914, art. 1827, as amended [Vernon's Ann. Civ. St. Supp. 1918, art. 1827, now Rev. St. 1925, art. 2003]).

Assignment of error as to overruling of plea in abatement, based on failure of petition to state domicile of plaintiff and defendants, pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 1827, as amended [Vernon's Ann. Civ. St. Supp. 1918, art. 1827, now Rev. St. 1925, art. 2003], will be overruled, where amended petition cured such defect existing prior to order overruling plea.

3. Appeal and error ⚏1040(16)—Assignment of error as to overruling exception to petition for failure to state domicile of parties will be overruled, where amended petition cured such defect (Vernon's Sayles' Ann. Civ. St. 1914, art. 1827, as amended [Vernon's Ann. Civ. St. Supp. 1918, art. 1827, now Rev. St. 1925, art. 2003]).

Assignment of error as to overruling exception to petition for failure to state domicile of parties, pursuant to Vernon's Sayles' Ann. Civ. St. 1914, art. 1827, as amended [Vernon's Ann. Civ. St. Supp. 1918, art. 1827, now Rev. St. 1925, art. 2003], will be overruled, where amended petition cured such defect.

4. Principal and agent ⚏190(2)—In absence of showing that seller had notice of limitation of agent's apparent authority to purchase supplies, evidence as to individual interest in purchase held properly excluded.

In suit against business trust for price of rope purchased by agent, exclusion of testimony as to agent's fraud in misrepresenting to his principal that rope was used on its property held not error, where there was no showing that seller had notice of limitation of agent's authority to purchase supplies.

5. Joint-stock companies and business trusts ⚏15(1), 17.

Person who was stockholder in common-law trust and also trustee thereof is liable as partner.

6. Appeal and error ⚏301—Assignment of error as to judgment holding codefendant personally liable as partner in common-law trust could not be considered on appeal, where such question was not raised in motion for new trial.

Assignment of error, complaining of judgment holding codefendant personally liable as partner in common-law trust for goods sold to it, could not be considered on appeal, where such question was not raised in motion for new trial; such question not being one of fundamental error.

7. Judgment ⚏194 — Rendition of judgment for plaintiff based on jury's special finding, which, if true, defeated defendants' cross-action, held tantamount to denial of right to recover under cross-action.

Rendition of judgment for plaintiff based on jury's special finding, which, if true, defeated defendants' cross-action, held tantamount to denial of right to recover under cross-action.

Appeal from Young County Court; W. F. Parsley, Judge.

Action by the Williamsport Wire Rope Company against the Pomona Mutual Oil Syndicate and others, in which defendants Pomona Mutual Oil Syndicate and H. H. Denny interposed a cross-action. The action was dismissed as to the other defendants. From an adverse judgment, the remaining defendants appeal. Affirmed.

F. V. Hinson, of Graham, for appellants.
Elmer Graham, of Houston, for appellee.

BUCK, J. Plaintiff, Williamsport Wire Rope Company, a corporation, incorporated under the laws of Pennsylvania and having a permit to do business in Texas, and with an office and agent at Graham, Tex., filed suit against the Pomona Mutual Oil Company, a corporation, of which H. H. Denny is agent; Pomona Mutual Oil Company, a common-law company and trust estate, of which W. F. Caldwell and H. H. Denny are agents, co-owners, copartners, trustees and joint owners; Pomona Mutual Oil Syndicate, a common-law company and trust estate, of which W. F. Caldwell and H. H. Denny are co-owners, agents, trustees, copartners, and joint owners; and W. F. Caldwell and H. H. Denny personally, for debt. The petition alleged that the plaintiff sold, on December 6, 1923, the defendants 4,000 feet of 7/8 wire rope, at the price of $1,046.52. It was alleged that $358.90 had been paid on said bill, and suit

was instituted for the balance, $687.62. An affidavit was attached as on a verified account.

The cause was submitted to a jury upon one special issue, to wit: "Did the agent, W. F. Caldwell, act within the scope of his apparent authority in making the purchase of the wire lines in controversy?" The jury answered "Yes." Upon this verdict the court entered judgment for plaintiff against the Pomona Mutual Oil Syndicate, "a common-law company, of which H. H. Denny is trustee, copartner, agent and co-owner," and H. H. Denny, personally, for $728.87, balance due on account sued upon with accrued interest and all costs.

From this judgment the Pomona Mutual Oil Syndicate and H. H. Denny have prosecuted their appeal. The judgment recited that the Pomona Mutual Oil Company, a corporation, and the Pomona Oil Company, a trust estate, and W. F. Caldwell, not having been cited, were dismissed. This leaves only the appellants herein, the Pomona Mutual Oil Syndicate, a trust estate, with H. H. Denny as agent, and H. H. Denny personally.

## Opinion.

[1] Appellee calls attention to the fact that appellants' assignments of error do not appear to have been filed in the lower court, and do not appear in appellants' brief. Article 1612, V. S. Civil Statutes 1914, art. 1844, Revised Statutes 1925, both have reference to the assignments of error and the duty of the appellant to file them in the lower court. The new statute is a little different in wording from the statute theretofore in force, and reads as follows:

"Before he takes the transcript from the clerk's office, the appellant or plaintiff in error shall file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies. Where a motion for new trial has been filed, the assignments therein shall constitute the assignments of error and need not be repeated by filing separate assignments of error. All errors not distinctly specified are waived, but an assignment shall be sufficient which directs the attention of the court to the error complained of."

See Hess & Skinner Eng. Co. v. Turney, 203 S. W. 592, 109 Tex. 204, by the Supreme Court; First National Bank of LaFayette v. Fuller, 191 S. W. 831, by this court, writ denied. The assignments contained in the motion for new trial, and shown in the record, may constitute the assignments of error relied on. The appellants present certain specified errors under the caption of "assignments of error," and we will consider such assignments as may be based on the grounds urged in the lower court in the motion for new trial.

[2, 3] Appellants filed a plea in abatement in the trial court, and moved to dismiss the cause by reason of the fact that in plaintiff's original petition it did not state the domicile of the plaintiff nor of any of the defendants. This plea was filed January 6, 1925, and overruled on January 10th. In the meantime, plaintiff filed its first amended original petition, in which it stated that plaintiff was a corporation duly incorporated under the laws of the state of Pennsylvania, and with a permit to do business in the state of Texas, and that the Pomona Mutual Oil Syndicate was a common-law company and trust estate located at Graham, Young county, Tex., of which W. F. Caldwell and H. H. Denny were co-owners, agents, trustees, etc.; that H. H. Denny resided in Los Angeles, Cal., and that the residence of W. F. Caldwell was unknown. It further alleged that service had been had on H. H. Denny while temporarily residing in Young county. While article 1827, Vernon's Sayles' Ann. Civ. St. 1914, as amended [Vernon's Ann. Civ. St. Supp. 1918, § 1827 (article 2003, Rev. Stat. 1925)] provides that the petition shall state the names of the parties and their residence, if known, yet the provision requiring the name of the plaintiff and the residence or domicile thereof is primarily for the information of the defendant, in that the defendant may know by whom it is sued; and the provision requiring the names and residences of the defendants is primarily for the information of the officer to whom the process is given, in order that he may know who the defendants are and where to find them. But since by an amended petition, filed before the court overruled the plea in abatement, plaintiff cured the defects existing theretofore, we overrule the assignment, and also the assignment directed to the trial court's action in overruling the exception to the original petition, by reason of the fact that it did not disclose the residence of the plaintiff and the defendant Pomona Mutual Oil Syndicate.

[4] Assignments 3, 4, and 5 complain of the action of the trial court in refusing to permit the appellants to show by testimony that the Pomona Mutual Oil Syndicate paid a part of the price charged for the wire rope by mistake, and by reason of the false and fraudulent statement of its agent, W. F. Caldwell, that said rope went to the Owens lease, when in fact the rope or lines were used by Caldwell on a lease in which the defendant company had no interest, but was owned by Caldwell and associates. It will be remembered that the only special issue submitted was:

"Did the agent, W. F. Caldwell, act within the scope of his apparent authority in making the purchase of the wire rope lines in question?"

The form of the question shows that the trial court assumed that the evidence did not show that said Caldwell was acting within the scope of any express authority, and, inasmuch as the evidence shows that the plain-

tiff's agent at Graham, who extended the credit to the Pomona Mutual Oil Syndicate at the instance of W. F. Caldwell, had no notice of his limited authority to purchase supplies, we think that there was no error in the action of the trial court, and the assignments are overruled.

[5] The sixth assignment urges that there was no evidence to connect H. H. Denny with the transaction of purchase of the wire lines by Caldwell, and that, Denny having filed his denial of partnership, no personal judgment could have been rendered against him. We do not find in the transcript any denial on the part of H. H. Denny of being a member of the partnership of the Pomona Mutual Oil Syndicate, either verified or unverified. The only pleading of H. H. Denny, personally, that could be construed as a specific denial is this part of his answer, as follows:

"And, answering further, defendant denies that he can be held personally liable in this action, that he was and is acting as agent only for the Pomona Mutual Oil Syndicate and has never had any personal business or dealings with plaintiff herein, and that therefore he could not be personally liable."

[6] If he was one of the stockholders and one of the trustees of a common-law trust, which the evidence shows the Pomona Mutual Oil Syndicate to be, and that Denny was a stockholder and trustee therefor, he would be liable as a partner. Hollister Oil Co. v. McCamey, 241 S. W. 689, by this court, and affirmed by the Supreme Court in 274 S. W. 562. Moreover, we do not find that this question was raised in the motion for new trial, and we do not think it presents a question of fundamental error. The assignment is overruled.

[7] Complaint is made in the seventh assignment that there is no final judgment, by reason of the fact that the judgment does not dispose of appellants' cross-action, in which a claim for the return of the payment of $358 was made and judgment was asked therefor. If W. F. Caldwell had apparent authority to bind the appellants in the purchase of the wire lines, and the jury so found, appellants' cross-action would fail. We think the action of the trial court in rendering judgment for plaintiff for the balance due, together with interest, etc., was tantamount to a denial of the right of the defendant to recover for this first payment. In Rackley v Fowlkes, 36 S. W. 77, 89 Tex. 613, the Supreme Court said:

"The proposition seems to be sound in principle and well supported by authority that where the pleadings and judgment in evidence show that the pleadings upon which the trial was had put in issue plaintiff's right to recover upon two causes of action, and the judgment awards him a recovery upon one but is silent as to the other, such judgment is prima facie an adjudication that he was not entitled to recover upon such other cause."

In Trammell et ux. v. Rosen, 157 S. W. 1161, 106 Tex. 132, the Supreme Court discussed at length the variant holdings of the different Courts of Civil Appeals, and decided in favor of the more liberal rule of construction that a cross-action or counterclaim may be disposed of in a judgment by implication only. The court in the opinion in the last-cited case quoted from Freeman on Judgments, § 279, and note 1, as follows:

"There is no doubt that if a set-off is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, become res adjudicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there was an express finding against it." Hermann v. Allen, 128 S. W. 115, 103 Tex. 382; Bemus v. Donigan, 43 S. W. 1052, 18 Tex. Civ. App. 125.

All assignments are overruled, and the judgment is affirmed.