### TEXAS LIFE INS. CO. et al. v. MILLER et ux.

### No. 2010.

Court of Civil Appeals of Texas. Waco.

Feb. 17, 1938.

Randall & Gray and Sam W. French, all of Dallas, for appellants.

Norman R. Crozier, Jr., and Hugh S. Grady, both of Dallas, for appellees.

ALEXANDER, Justice.

This appeal challenges the correctness of the ruling of the trial court in overruling the defendants' plea of privilege to be sued in the county of their residence. Briefly stated, the facts are these: The Texas Life Insurance Company, whose office is in McLennan county, held a deed of trust lien on a house and lot situated in Dallas county and belonging to one Logan. Said house and lot were in the possession of and occupied by Miller under a lease contract. A purported sale was had under the deed of trust and the property bought in by Texas Life Insurance Company. Logan brought suit in the district court of Dallas county against Texas Life Insurance Company and others.

in cause No. 12109 to have said trustee's sale held invalid and to enjoin the insurance company from taking possession of the property thereunder. The Texas Life Insurance Company filed a cross-action against Logan and others for title and possession of the property, joining Miller as one of the defendants therein, and caused writ of sequestration to issue for the possession of the premises in question. Miller and wife were dispossessed under said writ prior to the time of the expiration of their lease contract. Thereafter, Miller and his wife brought the suit here under consideration in Dallas county against the Texas Life Insurance Company and John D. Mayfield and others, who were sureties on the sequestration bond, to recover the damages sustained by them as the result of the alleged illegal suing out and enforcement of said writ of sequestration. The Texas Life Insurance Company and John D. Mayfield, whose residence is McLennan county, each filed a plea of privilege to have the cause transferred to said county. After hearing the evidence, the trial court overruled each of these pleas of privilege and said defendants have appealed.

After the writ of sequestration was sued out in the original cause, being cause No. 12109 in the district court of Dallas county, and Miller and wife were dispossessed thereunder, a trial was had in said cause and judgment was entered in favor of Logan against Texas Life Insurance Company and others, holding the trustee's sale invalid and restraining the latter from taking possession of the property under and by virtue of said sale, and judgment was entered against Texas Life Insurance Company on its cross action in which it sought to recover title and possession of the premises.

Appellants' first contention on this appeal is that the plaintiffs in this cause failed to prove that the writ of sequestration was illegally sued out. Their contention in this respect is based on the further contention that the judgment entered in said cause No. 12109 in the district court was not a final judgment because it did not dispose of the cross action of the Texas Life Insurance Company against Miller for the title and possession of the premises. We have examined the judgment, and while it does not mention Miller by name, we think it is broad enough in its terms to dispose of

Miller and the cause of action asserted against him by the insurance company by implication. Said judgment recites that all parties appeared and announced ready for trial, and that a hearing was had on the evidence and that "the court * * * is of the opinion that the Trustee's sale made by the defendants on December 4, 1934, of the following described property * * * is invalid and void and should be in all things set aside, and that it is so ordered. * * * And the court having considered the cross-action of the defendant Texas Life Insurance Company for title and possession to the premises above described, is of the opinion that said defendant is not entitled to recover title and possession to the above described premises as prayed * * *." It is a well-established rule that a judgment, in order to be final, must dispose of all parties and all issues in the case. It is not indispensable, however, that the parties be disposed of by name, but it is sufficient if they are disposed of by necessary implication. 25 Tex.Jur. 370; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161. Miller was named as one of the defendants in the cross-action filed by the insurance company. Said insurance company, as against said defendant, was seeking to have the trustee's sale declared valid and to recover title and possession of the premises. The judgment denied the right of the insurance company to so recover. This necessarily disposed of the issue between the insurance company and Miller as to the right of the former to recover title and possession from the latter. This assignment is overruled. Phillips v. Jones, Tex.Civ.App., 283 S.W. 298; Pomona Mutual Oil Syndicate v. Williamport Wire Rope Co., Tex.Civ.App., 282 S.W. 958; Adcock v. Shell, Tex.Civ.App., 273 S.W. 900.

The plaintiff failed to controvert the plea of privilege filed by Texas Life Insurance Company within the twenty day period allowed by law (R.S. art. 2092, sec. 14) for controverting such pleas in suits filed in Dallas county. The court, however, upon motion of the plaintiff, allowed such controverting pleas to be filed at a later date. This ruling is assigned as error. The record discloses that within the time allowed for controverting such plea, counsel for plaintiff went to the courthouse to ascertain whether or not such a plea of privilege had been filed. He found the plea of privi-

lege that had been filed by John D. Mayfield, but could not find any such plea that had been filed by the insurance company. He inquired of the attorney representing the insurance company as to whether or not such a plea had been filed and was informed, so he testified, that no such plea had been filed, and that it would be the contention of the insurance company that proper service of citation had not been had. A new citation was issued and served on the insurance company and the controverting affidavit was filed within the statutory period after appearance day under the new citation. Under these circumstances, we think the court was justified in holding that good cause had been shown for the delay, and therefore properly allowed the appellee to file the controverting plea at the late date. Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978; Younger Brothers v. Power, 92 S.W.2d 1147; Panhandle Compress & Warehouse Co. v. Borum, Tex.Civ.App., 95 S.W.2d 185.

The venue in this case was properly maintainable in Dallas county, where the writ of sequestration was issued and levied under and by virtue of article 1995, subd. 8, Revised Civil Statutes.

The judgment of the trial court is affirmed.

GALLAGHER, ·C. J., took no part in the consideration and disposition of this case.