### MILLER v. TEXAS LIFE INS. CO. et al.

#### No. 12766.

Court of Civil Appeals of Texas. Dallas.

Dec. 17, 1938.

Rehearing Denied Jan. 14, 1939.

Hugh S. Grady and Norman R. Crozier, Jr., both of Dallas, for appellant.

Randall & Gray and Sam W. French, all of Dallas, for appellees.

YOUNG, Justice.

This appeal is from an order of the 68th District Court of Dallas County, made July 22, 1938, for the purpose of correcting a judgment theretofore rendered, on January 3, 1936, in cause No. 12109 F/C, wherein C. E. Logan, D. D. Logan and Mrs. Virginia Logan were plaintiffs; the Texas Life Insurance Company, among others, was defendant, and Charles L. Miller, a further party to the cross-action of the Insurance Company. The amended motion to correct was filed in the original styled and numbered cause, praying that upon notice to all parties, the court vacate, set aside, amend, change, correct and modify the prior judgment of January 3, 1936. Briefly, appellee company and petitioner in said motion (a corporation with principal office in McLennan County, Texas) was party defendant to the particular suit when first filed by the Logans, who owned real property on which the Insurance Company was threatening to foreclose under deed of trust. The initial suit was to enjoin a sale that was posted for December 4, 1934, a temporary restraining order being first granted; however, before date of trustee's sale (December 4, 1934) the afore-

said restraint was dissolved, the property sold at the posted ·time, and purchased by the Insurance .Company, herein referred to as appellee. During the proceedings just mentioned, appellant Miller was lessee of the property with rent paid in advance to July 10, 1935. In January 1935, said Miller was made a party to the suit under amended pleadings filed by the Insurance Company, seeking title and possession. Later, a writ of sequestration was caused to issue against Miller, who thereafter vacated the property, appellee thereby obtaining possession. By ·third amended answer of December 9, 1935, appellee repleaded a cross-action against the Logans and Charles L. Miller, for title and possession, or in the alternative for foreclosure of its alleged lien upon the described property; and upon the hearing judgment was rendered declaring appellees' prior trustee's sale invalid and void. Said judgment further allowed the Logans (plaintiffs in said suit) damages of $540, as for wrongful sequestration; said decree, however, allowing appellee Insurance Company a recovery against plaintiffs on notes and. foreclosure of lien, under the Company's affirmative pleading therefor; but as to its cross-action for title and possession, above mentioned, the following recitals appear:

"And the Court, having considered the cross-action of the defendant, Texas Life Insurance Company, for title and possession to the premises above described, is of the opinion that said defendant is not entitled to recover title and possession to the above described premises as prayed, to which action of the Court the defendant, Texas Life Insurance Company, in open court excepted."

Following the above judgment of January 3, 1936, appellant Miller brought suit against the Texas Life Insurance Company and another, also the sureties on the aforesaid sequestration bond, in damages for alleged wrongful dispossession; and in said later suit, a plea of privilege was urged by the Insurance Company, on the ground that the judgment already described and entered in cause No. 12109, in the Dallas County district court, was not final —in that, it did not dispose of the Insurance Company's aforesaid cross-action against said Miller as to the premises. This venue plea was overruled and on appeal the Waco Court of Civil Appeals held this judgment was final, and though Miller was not mentioned therein by name,

—yet it was "broad enough in its terms to dispose of Miller and the cause of action asserted against him by the insurance company by implication". See Texas Life Ins. Co. v. Miller, Tex.Civ.App., 114 S.W.2d 600, 601, where further pertinent matters and facts are shown.

On April 16, 1938, the above mentioned amended motion to vacate, set aside, change, correct and modify the original judgment of January 1936, was filed by appellee, its allegations, in the main (omitting alternative pleadings), being that: "Your petitioner, Texas Life Insurance Company, further alleges that plaintiffs, C. E. Logan, D. D. Logan and wife, Virginia Logan, originally filed this suit against the defendants above named; that thereafter Texas Life Insurance Company filed an answer to plaintiffs' said petition and also filed a cross-action against said plaintiffs and made Charles L. Miller, a party defendant to said cross-action; that the said cross-action of the Texas Life Insurance Company, as will more fully appear from the original of said pleading on file in this cause, was a statutory action of trespass to try title, with a plea in the alternative for foreclosure of its lien upon the premises involved in this controversy; that service of citation was duly had upon the said Charles L. Miller in the manner and for the length of time required by law; that the said Charles L. Miller, defendant to said cross-action, wholly failed to answer the same or file any pleading of any kind or character in answer thereto; that this cause came on to be heard on or about the 3rd day of January 1936, at which time the court announced its decision; that the court did not, in the pronouncement of its decision from the Bench, make any decision as to the cross-action of Texas Life Insurance Company against Charles L. Miller, and the Court did not in fact render any judgment, either for or against Charles L. Miller, on said cross-action; that the only judgment which the court could have rendered, in view of the fact that Charles L. Miller failed to answer said cross-action for title and possession, was a judgment that Texas Life Insurance Company have and recover of and from Charles L. Miller title and possession to the premises dsecribed in said cross-action under Article 7383 of the Revised Civil Statutes of Texas; that it was fundamental error for the court not to render such judgment in favor of Texas

Life Insurance Company; that the written order signed by the Court and entered in the minutes of said court, as evidence of the judgment pronounced by the court, was erroneously drafted so as to dispose of said cross-action as to the defendant Charles L. Miller; that the Court of Civil Appeals for the Tenth Supreme Judicial District of Texas, at Waco, in the case of Texas Life Insurance Company et al. v. Charles L. Miller et ux, in an opinion dated February 17, 1938, and recorded in Volume 114 of Southwestern Reporter, second series, at page 600, held that the judgment as entered disposed, by implication, of the above-mentioned cross-action as to Charles L. Miller, whereas, in truth and in fact, the court in announcing its decision from the Bench, neither expressly nor impliedly made any adjudication or pronounced any judgment or rendered a decision as to said cross-action against Charles L. Miller; that the written entry of said judgment ought, therefore, to be vacated, set aside, amended, changed, modified and corrected so as to make it conform to the decision actually rendered by the Court, by making Paragraph VII thereof read as follows. * * *."

■ Appellee does not contend that the allegations of its amended motion constitute a bill of review, nor do we consider same as containing the elements necessary to such a proceeding.

Upon hearing of said motion, there was testimony by the attorney for the Insurance Company, who drafted the 1936 judgment, that Miller, after being served in the cross-action, had called upon said attorney and inquired if it would be necessary for him to answer or employ counsel; whereupon, he was assured that he (Miller) need not employ a lawyer and that no judgment would be taken against him. Testimony further was that, upon the date of trial in January 1936, Miller did not appear, nor anyone in his behalf, no evidence being introduced either by or against such party, who was not taken into consideration by anyone to the suit; and that the court did not render or intend to render any judgment whatsoever concerning Mr. Miller. The trial court, thereupon, ordered a correction of such former judgment in the following recitals:

"And it appearing to the Court that, although Charles L. Miller was duly served with citation on the cross-action of Texas Life Insurance Company, the said Charles

L. Miller failed to file any answer thereto and failed to appear therein and no one appeared for him or on his behalf; and it further appearing that the Court in rendering judgment on said cross-action made no mention of the said Charles L. Miller and did not in fact render any judgment either for or against said Charles L. Miller; and it appearing that the record of said judgment is broad enough in its terms to dispose of said Charles L. Miller and is therefore erroneous and ought to be corrected * * *. And the Court having considered the cross-action of the defendant, Texas Life Insurance Company, for title and possession to the premises above described, is of the opinion that said defendant is not entitled to recover title and possession to the above described premises as against C. E. Logan, D. D. Logan and Virginia Logan, only, to which action of the court the defendant, Texas Life Insurance Company, in open court excepted."

■ It is the contention of appellant that the motion, on its face and from the evidence, does not relate to any clerical error in the prior judgment; but was for the purpose of correcting a judicial error made in the rendition thereof, hence the trial court was without authority or jurisdiction to order said change; also urging laches and estoppel. Appellee asserts the above proceedings were proper and authorized, under the long established rule relative to the inherent power of a court over its records; and that a court may upon notice and motion amend, change, or modify its judgment to speak the truth. Appellee concedes, of course, that a judicial error, in contrast to a clerical error in the entry of a judgment, cannot be corrected after term by motion. Appellee argues, however, that the uniform decisions of our Supreme Court authorize the proceedings in the instant case, by reason of the inherent right of any court to make the record of a judgment conform to the matters actually decided; the underlying principle being that the pronouncement from the bench is the judgment of the court, and the written entry thereof is merely evidence of such pronouncement or decree; and it being brought to the court's attention that such written entry does not conform to the actual rendition, it is not only the court's right, but its bounden duty to correct the written archive.

■ It is apparent from the testimony that the form of the January 1936 judgment (which is now sought to be corrected) was prepared by counsel for the Insurance Company, and was approved by the trial court as its rendition or pronouncement concerning the issues before it in the original cause. Such judgment, so rendered, in its recitals, did not mention Charles L. Miller by name, but was held broad enough in its form and terms as to dispose of Miller by implication. Texas Life Ins. Co. v. Miller, supra. It is contended here that it was not the intention of the parties, nor of the court, to render any judgment for or against said Miller, but the effect of the 1936 judgment in question was otherwise. It seems to us that, in the proceedings under discussion, appellee and the trial court are attempting to change the former pronouncement—final as to Miller by implication—into one interlocutory in terms, the rights of Miller to be disposed of at some future time. The trial court, in the wording of its modified order of July 1938, recites that it did not intend to dispose of Miller, notwithstanding such was the effect of its original rendition. If such intent as to Miller was not contained in the first judgment, a judicial mistake resulted that can not be reached by the procedure here employed. The settled doctrine of a court's inherent power to correct clerical mistakes, after term, by motion and notice, is clearly stated in Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; as to which present Arts. 2228, 2229, R.S., are held to be cumulative. But a plain distinction is there drawn between a clerical error or omission, and an effort under the articles just cited to effect the correction of a judicial mistake. Judge Phillips, in Coleman v. Zapp, supra, after discussing DeCamp v. Bates, Tex.Civ.App., 37 S.W. 644, and Missouri Pacific R. Co. v. Haynes, 82 Tex. 448, 18 S.W. 605, said [page 1042]: "These two cases well illustrate the distinction which lies clearly defined between a suit to correct a judgment because of a mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition, and a proceeding to correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered. To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary, as its juris-

diction of the case is at an end. `* * *"` (italics ours).

In Love v. State Bank & Trust Co. of San Antonio, Tex.Com.App., adopted by Supreme Court, 126 Tex. 591, 90 S.W.2d 819, the trial court had "inadvertently and through mistake" dismissed the cause for want of prosecution at a time when the court had under advisement and consideration demurrers and exceptions in such suit. Judge German, in the latter case, followed closely the principles of Coleman v. Zapp, supra, his reasoning in part being [page 821]: "In this instance, it appears that the order entered was prepared for this particular case and it was signed by the presiding judge. It is not contended that he signed his name thereto by mistake. There may have been a 'mistake of the court in its rendition, whereby an improper judgment was rendered,' but nevertheless it was a judicial act. It is recited in the motion to reinstate that this case was 'inadvertently and through mistake included by the court upon a list of cases to be dismissed for want of prosecution.' * * * The court unquestionably rendered the judgment which the judge signed and which was entered on the minutes, or else there was no judgment rendered at all, as it would have been a useless thing to enter an order reciting that the case was not dismissed for want of prosecution. So it is manifest that the motion could not constitute an action to 'correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered.' It necessarily follows, therefore, that the attempted action was to correct the judgment rendered, rather than to amend the minutes; and it is conclusively settled that this could not be done after the adjournment of the term except by bill of review, and then only after due notice to the adverse parties. In this instance, it was admitted that notice was not given, and the motion, for various reasons, was not sufficient to constitute a bill of review."

That both appellant and appellee have clear conceptions of the law points underlying this appeal is indicated by their citation generally of the same authorities; appellees' position being that the error involved in the rendition of the prior judgment under all the facts and circumstances was clerical rather than judicial. Of the cases relied upon by appellee, Nevitt v. Wilson, 116 Tex. 29, 285 S.W. 1079, 48 A. L.R. 355, involved an original judgment subsequently struck from the records, because entered "without the knowledge or approval of the court" [page 1082]; and Veal v. Jaggers, Tex.Civ.App., 13 S.W.2d 745, was with reference to a correction of the minutes, disposing of a cross-action, to conform to the admitted actual ruling of the court. Appellees' other authorities are nowise adverse to the principle applied in Love v. State Bank & Trust Co. of San Antonio, supra, which we think decisively controls all matters presented in the present record.

We conclude the construction given this 1936 judgment by the Waco Court of Civil Appeals is res adjudicata as to the procedure here used by appellees in attempting a change or alteration of its effect. The action of the trial court, in sustaining said motion to correct in the particulars discussed, is reversed, with the result that said amended motion should be dismissed without prejudice; and that the corrected judgment of July 1938, as rendered, should be stricken from the minutes of said court.

Reversed, with instructions.