GEHRELS v. DENIUS et al.

No. 4656.

Court of Civil Appeals of Texas.
Beaumont.
April 27, 1950.

D. E. O'Fiel, Beaumont, W. S. Hart, Houston, for appellant.

J. E. Wheat, Woodville, Campbell & Foreman, Livingston, for appellees.

R. L. MURRAY, Justice.

The appellants, E. C. Gehrels and wife, brought suit in the district court of Polk County, against the appellees, Denius, Mathews and Livingston Abstract Company, for damages for failure of title to one acre of land out of a tract of 72.42 acres of land out of the Joseph Morgan League in Polk County. The 72.42 acre tract was conveyed by Denius to Gehrels. Denius replied by general denial, certain special pleas and a cross-action over against Mathews on his warranty in the deed from Mathews to Denius and a plea asking for reformation of the deeds. Mathews also answered, praying for reformation for both the two deeds. Livingston Abstract Company answered by exceptions, general denial, and a plea for reformation of the deeds.

The appellants sued Denius and Mathews for damages for the failure of title to one acre of land fronting on Highway 59 near the town of Livingston and sued Livingston Abstract Company for damages for preparing an incorrect abstract of title.

When the testimony in behalf of appellants, plaintiffs in the trial court, was completed the appellees, defendants, filed a motion for an instructed verdict, which motion was granted by the court. On the instructed verdict the trial court rendered

judgment that all the defendants go hence without day and recover from plaintiffs all costs. The appellees dismissed their cross-actions.

The appellants filed their transcript and a statement of facts in this court within the proper time. On the day set for submission of this cause in this court, however, Mr. Gehrels, one of the appellants, appeared in court without any brief and accompanied by an attorney who had been employed by Gehrels only a few days before the day set for submission. The attorney who represented Gehrels in the trial court had left the State of Texas without filing a brief. The appellants were granted a postponement of submission of their cause and were granted additional time in which to file their brief.

They now present their appeal before this court on three Points of Error.

▮ Point 1 contends that the trial court erred in failing to dispose of all parties and issues by the judgment entered. We overrule this point. The motion for instructed verdict which was granted by the trial court contained the ground that no failure of title to any definite tract of land had been shown by the evidence and that plaintiff below had failed to show by the evidence the value of the portion of land of which it was claimed title had failed. When the court's judgment decreed that plaintiffs take nothing by their suit and that defendants (naming all of them) go hence without day and recover of plaintiffs all costs, we believe that the judgment by implication disposed of the various cross-actions and counterclaims and fully disposed of all parties and all the issues in the lawsuit. Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161; Texas Life Insurance Company v. Miller, Tex.Civ.App., 114 S.W.2d 600.

▮ Point 2 in a general way complains of the action of the trial court in not requiring further proof and in not giving Gehrels and wife judgment. We take the language of this point, as stated in the brief, as meaning that the appellants believe their evidence was sufficient to require that the trial court enter judgment for them, but intimates that if their evidence was not sufficient to go to the jury, the trial judge should have required them to produce more evidence. We know of no rule of law making it the duty of a trial judge to request more evidence to be produced in behalf of a litigant in his court. We believe the trial court was correct in instructing a verdict against the appellants and in favor of the appellees. Mathews conveyed the 72.42 acres of land to Denius in January, 1948. Denius conveyed to Gehrels and wife the same land of the same description by a deed dated January 9, 1948. By another deed dated April 24, 1946, Mathews conveyed to Amburn a tract of land described wholly by reference to other surveys and objects on the ground with no course or distance given in any of the calls. While there was some evidence that a part of the land conveyed by Mathews to Amburn was a portion of the land conveyed by Mathews to Denius and by Denius to Gehrels, there was no evidence as to how much of the small tract of land conveyed to Amburn was a part of the tract conveyed to Gehrels. Also, there was no evidence as to the value of the small tract of land to which title had failed. It is well established in the law that in a suit for damages for partial failure of title to land, damages are based upon the proportionate value of the tract, title to which has failed, and the value of the entire tract conveyed. Allen v. Draper, Tex.Com.App., 256 S.W. 255. The trial court was correct in this case, in the absence of such evidence, in granting the motion for instructed verdict.

▮ Point 3 is that "the record shows that the case was not fully developed" and the judgment should be reversed and remanded on general principles. With this unique contention we are unable to agree. From the evidence the appellants have bought and agreed to pay for a 72.42 acre tract of land for a total consideration of $3,000 cash and a vendor's lien note for $2,431.50. This represents a sales price of $75.00 per acre for the land. From the appellant's evidence, title to an undetermined piece of land of not more than one acre had failed, and it is possible that the

size of the land of which title had failed was less than one acre. When the appellants elected to go to trial they should have made certain they had available evidence which would support and prove their case. When the evidence they have produced on trial fails to do so, they are not in a position to complain when the trial court properly rendered judgment against them on an instructed verdict.

Judgment affirmed.