**Sara CASH, Appellant,**

v.

**Cy KOSBERG et al., Appellees.**

**No. 14259.**

Court of Civil Appeals of Texas.

San Antonio.

Dec. 18, 1963.

Rehearing Denied Jan. 22, 1964.

J. Hubert Lee, Austin, Joe Bailey Humphreys, Dallas, for appellant.

Naman, Howell, Smith & Chase, Waco; A. W. Ferguson, Dallas, for appellees.

PER CURIAM.

On Appellees' Motion to Dismiss Appeal.

Appellees have filed a motion to dismiss this appeal. The cause was filed in the 135th Judicial District Court of Calhoun County, Texas, and a judgment was signed on March 6, 1963. This judgment provided, among other things, as follows:

"It is therefore ORDERED, ADJUDGED AND DECREED by the

Court that said Motion for Summary Judgment be and is hereby in all things granted, and it is further ORDERED, ADJUDGED and DECREED by the Court that said plaintiff take nothing by her said suit and that all of the defendants herein go hence without day and recover their costs incurred herein, for which execution may issue; * * *."

Thereafter, on June 5, 1963, Joe Blalack, one of the defendants, filed a motion styled "MOTION OF JOE BLALACK TO CORRECT CLERICAL AND INADVERTENT RECITALS IN THE SUMMARY JUDGMENT SIGNED MARCH 6, 1963." Sara Cash, plaintiff below, on June 6, 1963, filed a motion in which she, in effect, joined Joe Blalack in his motion.

Thereafter, on August 6, 1963, the trial court entered what it styled an "AMENDMENT TO JUDGMENT." The purport of this amended judgment was not to correct clerical and inadvertent recitals in the judgment of March 6, 1963, but to allow the defendant Joe Blalack judgment on his plea for attorney's fees in the sum of $500.-00.

The record herein was filed in the Court of Civil Appeals, 13th Supreme Judicial District of Texas, on October 1, 1963, which was within the sixty-day period allowed by Rule 386, Texas Rules of Civil Procedure, from the date of the amended judgment, but more than 200 days after the rendition of the judgment dated March 6, 1963. If there was no final judgment until the amended judgment was rendered on August 5, 1963, this appeal was timely filed, but if the judgment of March 6, 1963, was a final judgment, then this appeal was not timely filed and the motion to dismiss it should be granted.

■ On March 6, 1963, when the trial court entered a judgment denying plaintiff any recovery against the defendants, and providing that *all of the defendants* go hence without day, it entered a judgment disposing of all parties and all of the issues, and therefore such judgment was a final judgment. We are not here interested in determining whether the trial court was in error in so doing, our only interest is to determine whether the judgment of March 6, 1963, was in law and in fact a final judgment.

Appellant contends that the judgment of March 6, 1963, was not a final judgment because it did not dispose of the defendant Joe Blalack's plea for attorney's fees in the sum of $500.00. We do not agree. When the judgment further ordered, adjudged and decreed "that all of the defendants herein go hence without day and recover their costs incurred herein," it effectively disposed of the plea for affirmative relief of the defendant Joe Blalack.

In Muse v. McWilliams, Tex.Civ.App., 295 S.W.2d 680, the Court said:

"Further, the judgment of the trial court must be regarded as expressing the action of such court as revealed by the choice of language therein. The term 'without day', as revealed by Vol. 2, Bouver's Law Dictionary, Rawles Third Day, page 3474, expresses the following:

'Without Day. This signifies that the cause or thing to which it relates is indefinitely adjourned; as, when as case is adjourned without day it is not again to be inquired into.'

The language of the judgment, therefore, clearly reveals a final disposition of any action by appellee."

The judgment was reversed on other grounds. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643. See also: Warner Elec. Brake & Clutch Co. v. Bessemer Forging Co., Tex.Civ.App., 343 S.W.2d 471; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161; Gehrels v. Denius, Tex.Civ.App., 229 S.W.2d 885; Rogers v. Day, Tex.Civ.App., 20 S.W.2d 104; Phillips v. Jones, Tex.Civ.App., 283 S.W. 298; Powell v.

Smith, Tex.Civ.App., 242 S.W. 1115; Smallwood v. Love, Tex.Civ.App., 78 S.W. 400.

■ The judgment of March 6, 1963, became final thirty days after it was rendered, under the provisions of Rule 329–b, § 5, T.R.C.P., and the trial court was without jurisdiction on August 5, 1963, to amend such judgment by decreeing that the defendant Joe Blalack recover the sum of $500.00 attorney's fees upon his plea for affirmative relief. This void act on the part of the trial court did not have the effect of extending the time for the filing of the record herein in the Court of Civil Appeals for a period of sixty days from the date of this attempted amendment of the final judgment of March 6, 1963. Texas Life Ins. Co. v. Miller, Tex.Civ.App., 114 S.W.2d 600; Miller v. Texas Life Ins. Co., Tex.Civ.App., 123 S.W.2d 756.

The record in this case was not filed in the 13th Court of Civil Appeals within the sixty-day period allowed by Rule 386, T.R.C.P., and appellees' motion to dismiss this appeal is granted. The appeal is dismissed.