Sandra Lee (Hart) LANE, Appellant,

v.

Everett Kinney HART, Appellee.

No. 11–83–005–CV.

Court of Appeals of Texas,
Eastland.

May 12, 1983.

Rehearing Denied June 2, 1983.

Edward Self, White, Self & Bass, Plainview, for appellant.

Lealand W. Greene, Snyder, for appellee.

DICKENSON, Justice.

The principal issue on appeal is whether the "judgment nunc pro tunc" corrected a "clerical error" or whether it improperly attempted to correct a "judicial error" in connection with the agreed terms of a joint custody arrangement involving two children.

The parents of the children, Sandra Lee (Hart) Lane and Everett Kinney Hart, appeared in court on June 4, 1982, in order to present proof as to the terms of their agreement for division of their property, custody and support of their two daughters (Wendy Monette Hart, born September 13, 1971, and Kelly Dee Hart, born September 10, 1977), and related matters incidental to their divorce. A seven page Decree of Di-

vorce, which was "approved as to form and content" by their attorneys of record, was signed by the District Judge on June 14, 1982. After that Decree became final, the mother remarried and moved from Scurry County to Hale County and enrolled the older girl in school there. The father insisted that he had the right to establish and maintain the residence of the children in Scurry County. The mother disagreed. Their dispute resulted in a writ of attachment pursuant to which the Hale County Sheriff's Department assisted the father in taking physical possession of the children; the father's motion to hold the mother in contempt; the mother's application for a writ of habeas corpus; and the father's motion for judgment nunc pro tunc. The trial court refused to hold the mother in contempt, and it also refused to grant her writ of habeas corpus. After hearings on September 3 and 10, judgment nunc pro tunc was signed on October 20, 1982. The mother, Sandra Lee (Hart) Lane appeals. We affirm.

Appellant has briefed two points of error. Point one argues that the trial court erred in signing the Judgment Nunc Pro Tunc because the alleged mistake "was not a clerical error, but was an attempt to change the provisions of the decree." We disagree.

The original decree provided in pertinent part:

\* \* \* \* \* \*

IT IS DECREED that Petitioner, Everett Kinney Hart, as Joint Managing Conservator, shall have the following rights, privileges, duties and powers:
    1. The right to have physical possession of the children as set out herein and *the sole right to establish the children's legal domicile;*

\* \* \* \* \* \*

IT IS DECREED that Respondent, Sandra Lee Hart, as Joint Managing Conservator, shall have the following rights, privileges, duties and powers:
    1. The right to have physical possession of the children as set out herein, *SUBJECT* to *Petitioner's· sole right to establish the children's legal domicile;*

\* \* \* \* \* \*

    9. Any other rights, privileges, duties and powers existing between a parent and children by virtue of law, *subject to Petitioner's right to establish and maintain the residence of the children.*

The judgment nunc pro tunc added "and residence" after "legal domicile" in each of the paragraphs numbered "1" in the listing of each parent's rights, privileges, duties and powers. No change was made in paragraph "9" which is quoted hereinabove.

At the hearing on June 4 the husband's attorney stated that the parties agreed that the appointment of Mr. Hart as "joint managing conservator also includes the right to determine the *residence* of the children, exclusive of the wife's right to do that." Neither the wife nor her attorney brought it to the court's attention that they were making any distinction between the terms "legal domicile" and "residence." The original decree, which was "approved as to form and content" by both attorneys of record used the terms interchangeably, as shown by the paragraphs quoted above. The District Court stated during the hearing on September 10:

> (T)here is no question that Mr. Hart and his attorney thought the agreement was that the residence of the children would be established by Mr. Hart.... I know that the Court thought at the time we had the hearing on June the 4th that that is what the agreement between the parties was.... (I)f there was any doubt in anybody's mind that it included the right to establish the residence was in Mr. Hart, then it should have been determined right then and—if that was not the agreement—it should have been called to the attention of the court and the parties could have either withdrawn their proposed agreement for judgment from the Court and had a trial on it at that time. That was my understanding and *that was the judgment that I intended to enter and thought I had entered.* (Emphasis added)

█ The trial court was authorized to correct the mistake made in recording the original decree. See Tex.R.Civ.P. 316. The applicable rule is stated in *Comet Aluminum Company v. Dibrell,* 450 S.W.2d 56 at 58 (Tex.1970):

The law is now well settled in this state that clerical errors in the "entry" of a judgment, previously rendered, may be corrected after the end of the court's term by a nunc pro tunc judgment, but that judicial errors in the "rendition" of a judgment may not be so corrected.

While it is a question of law as to whether the error in the original decree was a "judicial error" or a "clerical error" [see *Finlay v. Jones,* 435 S.W.2d 136 at 138 (Tex.1968)], we agree with the trial court's conclusion that the error in this case was a "clerical error" which could be corrected by entry of the judgment nunc pro tunc. See *Petroleum Equipment Financial Corporation v. First National Bank of Fort Worth,* 622 S.W.2d 152 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.), and the authorities discussed therein. The terms "children's legal domicile" and "residence of the children" were used interchangeably in the original decree, and the trial court's quoted statement makes it clear that he intended to enter a judgment in accordance with the announced agreement that the father had the right to establish the "residence" of the children. It may well be that the nunc pro tunc decree was not actually needed, for the original decree could be interpreted by harmonizing paragraph 9 with paragraph 1 of the listing of the mother's rights as to the two children. In any event the clarification made by the nunc pro tunc judgment will eliminate any uncertainty as to the mother's rights and will, hopefully, avoid any further necessity for contempt hearings. Moreover, we have been cited no case under Tex.Fam.Code Ann. sec. 12.04(1) (Vernon Supp. 1982–1983)[1] drawing any clear dis-

tinction[2] between the terms "domicile" and "residence," and we note that those terms are often used as synonyms. See Webster's Dictionary of Synonyms (G. & C. Merriam Co. 1951); The Grosset Dictionary & Thesaurus (Grosset & Dunlap, Inc. 1969); The Random House Dictionary (Random House, Inc. 1978); Webster's Third New International Dictionary—Unabridged (G. & C. Merriam Co. 1966).

█ The second point of error argues that the trial court erred in denying the motion for new trial because "while the decree purported to be a consent judgment, the evidence showed the parties had not agreed upon a material term of the judgment entered." We disagree. First, the statement in open court that the father would have the right to determine the "residence" of the children was not directly contradicted at that hearing by the wife or her attorney. Second, the written decree which was approved by the wife's attorney "as to form and content" clearly stated in paragraph 9 that the husband had the "right to establish and maintain the residence of the children." The mother's testimony in September cannot be used to impeach the proceedings which were held in June. That decree had become final and binding upon her, subject to the possibility of a Motion to Modify pursuant to Tex.Fam.Code Ann. sec. 14.08 (Vernon Supp.1982–1983). The fact that there was an oral agreement, rather than a written agreement, for the joint conservatorship does not render the decree void. See and compare Tex.Fam.Code Ann. sec. 14.06(a) (Vernon Supp.1982–1983) with Tex.R.Civ.P. 11.

The judgment nunc pro tunc is affirmed.

RALEIGH BROWN, Justice, dissenting.

I respectfully dissent. I do agree that the law is well settled in this state that clerical errors in the entry of a judgment may be corrected by a nunc pro tunc judg-

1. See Speer's Texas Family Law, sec. 13:36 (Simpkins 5th Ed.1981).

2. Cases such as *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136 at 139 (Tex.1951), have discussed the distinction which can be made be-

tween "domicile" and "residence" and the fact that for some purposes a person can establish a second residence away from the domicile. No such distinction was drawn in the original decree in this case.

ment but judicial errors may not be so corrected. *Comet Aluminum Company v. Dibrell,* supra; *Finlay v. Jones,* 435 S.W.2d 136 (Tex.1968). Statement of the rule is simple, application of the rule presents difficulties.

In its application, as stated in Reavley and Orr, Trial Court's Power to Amend its Judgments, 25 Baylor Law Review 191, 196 (1973):

> (T)he critical inquiry is not what judgment might or ought to have been rendered, but only what judgment was rendered. When the judgment as entered on the minutes of the court is at variance with the judgment that was actually rendered, the court has the power to correct the judgment by a nunc pro tunc entry.

The court in *Wallace v. Rogers,* 517 S.W.2d 301 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.) said:

> A judicial error is one made by the court in rendering its judgment while a clerical error occurs when the minutes of the court fail to accurately recite the judgment rendered. *Love v. State Bank & Trust Co.,* 126 Tex. 591, 90 S.W.2d 819 (1936).

The law review article further stated at 197:

> The following are examples of mistakes that have been held to be judicial and thus not correctable after the judgment becomes final: (1) where the judge determines subsequent to the rendition of judgment that recitals of fact in the judgment were erroneous; (2) where the judge determines that he rendered judgment under a misconception of law; (3) where the judge determines that the terms of the judgment as rendered should be changed; (4) where the judge determines that something should be added to the judgment that was rendered; (5) where the judge determines that something should be deleted from the judgment that was rendered.

In the case at bar, at the divorce hearing, after the testimony had been offered and the parties had indicated an agreement had been reached regarding all matters pertaining to the divorce, the following occurred:

> MR. GREENE (Appellee's attorney): Your Honor, before you continue there, one stipulation that the parties agreed upon that I failed to bring out, the appointment of Mr. Hart as managing conservator—joint managing conservator also includes the right to determine the residence of the children, exclusive of his wife's right to do that, Your Honor, and we have agreed upon that and I failed to bring that out during the testimony.
>
> MR. ARMSTRONG (Appellant's attorney): My understanding of the agreement is that the order setting out the powers of the joint managing conservators, which are contained in the temporary orders, other than as modified for support and specific possession will be continued.
>
> MR. GREENE: All right. That is basically the agreement, Your Honor.
>
> THE COURT: All right. That will be approved by the Court. I think that is in the *temporary orders.* (Emphasis ours)
>
> MR. ARMSTRONG: Yes, it is.
>
> MR. GREENE: Yes, sir.

The temporary orders, referred to by the court, gave appellee the right to establish the children's "legal domicile." In its original decree of divorce, the court carried forward the term "legal domicile," as found in the temporary orders except as to paragraph 9 as included in the majority opinion. That is the court's rendition of its judgment with respect to the custody of the children. This is confirmed by the court's statement at the conclusion of a joint hearing on the motion for judgment nunc pro tunc and a contempt hearing seeking to hold appellant in contempt for violating the court's judgment. The court stated:

> Since the Court *did not use the word "residence"* in the Judgment, which was entered and *which has been the Judgment up to this date,* I find that there is not sufficient evidence to hold the Respondent in contempt, and, therefore, the motion for contempt is refused.

Then judgment nunc pro tunc was entered adding the term "residence." Addition of this term was a judicial determination adding to the judgment actually ren-

dered. There may have been a mistake of the court in its rendition whereby an improper judgment was rendered, but it was nevertheless a judicial act. *Miller v. Texas Life Ins. Co.,* 123 S.W.2d 756 (Tex.Civ.App.—Dallas 1938, writ ref'd n.r.e.); *Smith v. State,* 450 S.W.2d 393 (Tex.Civ.App.—Austin 1970, no writ). The court should not grant judgment nunc pro tunc unless the evidence is clear, satisfactory and convincing that a clerical error was made. *Mobley v. Rheem Manufacturing Company,* 410 S.W.2d 320 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.).

The judge signed the original decree exactly as written and approved by both parties. It was signed and approved as the record showed that it was rendered. The evidence is not clear, satisfactory and convincing that the rendition included the term "residence." I would, therefore, hold that the change constituted the correction of a judicial error which cannot be validly accomplished by a judgment nunc pro tunc.

Further, if in fact the terms "domicile" and "residence" are synonyms there would be no necessity for the nunc pro tunc judgment.

I would reverse the judgment of the trial court granting the motion for judgment nunc pro tunc with the result that such judgment should be stricken from the minutes of said court.